23A123. Good morning. Good morning, Your Honors. May it please the Court. Darwin Martinez Castillo fled Honduras to escape ethnic violence. He had never been to school. He endured physical abuse as a child. He had untreated substance abuse problems. During this case, while at MDC, he was assaulted and his medical issues were left unattended. Despite these significant mitigating circumstances, the Court here sentenced him 11 months above the guideline range for illegally reentering the country, much longer than any of the parties requested. In doing so, the Court did not give adequate reasons why an above-guideline sentence was necessary. That's why this Court should vacate the sentence. I understand the District Court stated that its sentence was informed by the multiple entries by your client, I think the total of seven, and his conviction that he would try again and therefore needed to provide particularly strong specific deterrence because the guideline range failed to adequately account for all of that. Why isn't that the adequate explanation here? So there is an explanation for this sentence, but the judge did not explain why that reason meant an above-guideline sentence was necessary. First of all, those illegal reentries were already calculated in the guidelines twice. They were accounted for in the base offense level, raising that level by four points, and in the criminal history category, raising that level by six points. Also, even if Mr. Martinez-Castillo had been in the higher criminal history category, so had he been convicted of additional reentry offenses, his sentence was still above that guideline range, and still well above what the national sentencing average was for that higher guideline range. Nothing the court said about that particular factor explained why an above-guideline sentence was necessary instead of a within-guideline sentence. And that was true for each of the three factors that the court pointed to for the sentence. That was the first one. The second one was the court's view that Mr. Martinez-Castillo had committed crimes against, quote, everyone who is here. First, that reason wasn't true. Mr. Martinez-Castillo had only one felony conviction unrelated to illegal reentry. And second, that category also was accounted for in the guidelines, both in the base offense level, again, raising it by four points, and in the criminal history category, raising it by four points. The statute requires, when the judge is giving an above-guideline sentence, that specific reasons are given why the guideline range isn't sufficient. That is what was lacking here. That's true for deterrence as well, Your Honor, which you mentioned. The court points to deterrence. But what the court says about deterrence not only didn't explain why an above-guideline sentence was necessary, it was really directly related to the judge's opinion about the immigration system. The judge said the immigration system is, quote, out of control. It is, quote, not working all that well. There were inadequate resources at the border. Those were the reasons that the court gave. Those reasons not only weren't about Mr. Martinez-Castillo and deterring him, but they didn't explain why the guideline sentence was inadequate. This also should be viewed in the context of the guideline sentence being not the common sentence for judges to give for this sort of offense. As the Fence Council pointed out, the national average for these sort of offenses had sentencings well below guidelines. So the guideline itself would already have been out of step with other judges across the nation. For Mr. Martinez-Castillo, in particular, the sentence the judge gave was four times longer than his longest prior sentence. He got 48 months for illegally reentering the country. When you refer, and I think you're referring to what we've said about the allegation placed on district court or sentencing judges to provide specific reasons, what have we said about or how have we defined specific reasons? Well, first we start with the statute, Your Honor. So 3553C2 is what says that specific reasons are necessary. And how have we defined that? You've explained that it needs to be not only reasons that would be sufficient for a guideline sentence, but specific reasons why the guidelines are not appropriate and something additional is necessary. And this court has done that in a series of cases, including in violation of supervised release cases, where less explanation is necessary. They're all cited in my brief, but just- But why isn't it enough to infer from Judge Kaplan's statement that he thought that the fact that your client had reentered this country illegally so many times was out of the ordinary? Does he have to say that? Or is it enough for us to infer from the record that that's what drove the above guideline sentence here? The record is not sufficient to infer that because what the judge- No, no, no. So I'm focused on the word specific. Okay. Isn't that specific enough? That is specific to Mr. Martinez-Castillo, but not specific to an above guideline sentence. Particularly when considering that even if he had been convicted of additional reentry offenses and been in the highest possible criminal history category, the sentence of 48 months was still above that criminal history category significantly, above the high end of that category by seven months. So that explanation, even if it supported a high end of the guideline sentence or something like that, did not support the sentence that the judge ultimately gave. Can you also make an argument that the greater the variance from the guidelines, the greater the justification needs to be? And I must tell you that I was actually right at that podium arguing for the government in connection with a downward variance that had been imposed. I thought I lost that argument, that the greater the variance, the greater the justification needed to be. So where can I find that in our case law? Well, so Your Honor, I'm not arguing that specific reasons doesn't mean magic words. It doesn't mean if it's one month higher, it has to have slightly more reasons than in other situations. But it does mean when you're going above the guideline range, that the reasons have to be more specific than when you are within the guideline range. And that is included in the case, perhaps Your Honor is referencing, Brattobali. I'm not sure if that's the one Your Honor is referencing. No, United States v. Fernandez, but that's another issue. But this court has said that in Sindema, in Aldine, which is a violation of supervised release case. And I do think that in looking at this court's case law, it's important to see the interaction between the lack of reasons for above guideline sentences, along with the substantive unreasonableness of the sentences itself. And I think that is where there is an interplay between the amount, the greatness of the variance and the remedy. So when we have a sentence like here, that not only doesn't have sufficient specific reasons for the above guideline sentence, but also is really substantively unreasonable for Mr. Martinez-Castillo's conduct, those are two reasons that the court has to grant a resentencing. Thank you. You've reserved two minutes for rebuttal. We'll therefore hear from the government and we'll hear from you. Thank you. Counsel, good morning. Good morning. May it please the court. My name is Jim Lightenberg. I'm an assistant United States attorney in the Southern District of New York, and I represent the United States in this appeal. The appellant's sentence was reasonable. It was procedurally reasonable because Judge Kaplan provided a detailed explanation of the reasons for his sentence, and it was substantively reasonable because it fell well within the range of permissible decisions. And the appellant's arguments to the contrary are meritless. First of all, the argument that Judge Kaplan failed to provide specific reasons is meritless. Judge Kaplan specifically said at sentencing, I'm imposing an above guideline sentence of 48 months imprisonment, and here's why. And then he listed his reasons. And those reasons fully explained why an above guideline sentence was appropriate, including that this was appellant's seventh illegal reentry, that there was no reason to think he wouldn't do it again, that he had committed previously a very violent, really terrifying robbery in which not only he robbed someone at knife point and gun point, but he got in the car, told the person to drive, and that person was undoubtedly terrified, not knowing what was going to happen. And both of those factors are factors that Judge Kaplan reasonably concluded are not reflected in the guidelines range here. Now it's true that even if he was in a higher criminal history category, had all the illegal reentries been charged, that this would still be an above guideline sentence. But this Court has made clear that just because something leads to a higher guidelines range, that doesn't mean it's just out of the equation for 3553A purposes. The Court is permitted to, and indeed has a duty to, consider all the 3553A factors. Now of course, someone could be in criminal history category six based on a series of petty crimes. They could be there for a variety of reasons. And as Judge Kaplan pointed out, there are reasons to think that the appellant here was not within the mind run of people there, and that includes his seven legal reentries, some of which weren't prosecuted, and this violent, very terrifying robbery. So I'm happy to answer any questions. So you heard my question to your friend on the other side about this principle that I think I read, but maybe I got this wrong, that the higher or lower the variation or variance from the guidelines range, the greater the justification, the explanatory justification needs to be. Is that right? As we said in our brief, in Villaforte, this Court explicitly rejected that it would impose a mechanical rule that would require a greater degree of explanation the more that a sentence varied from the guidelines range. Now it is true that this Court has said on a number of occasions that the length and the detail of an explanation can vary depending on the circumstances. That's reasonable. I think the important point here is Judge Kaplan, under any standard, did provide very specific, explicit reasons he met any standard. And then I think critically here on the procedural reasonableness point, we're here on plain error. He certainly didn't plainly err, and I don't think in appellant's briefs there's even really any attempt to show how he has satisfied the burden under plain error review. Unless there are further questions, we'll rest on this issue. Thank you very much. To start with Judge Boyer's question, in Aldine this Court said that because there was a quote major deviation from the guidelines, a more substantial justification was needed for the sentence. With respect to plain error... I mean, as I understand in Aldine, there were allegations on which the district court relied that were not founded. That's true, but separate. Was that the fundamental problem? Yeah. Wasn't that the fundamental problem there? That's one of the problems in Aldine. Aldine raises a number of sentencing problems, but on the pin site is 254, it talks about how when there's a major deviation, a more substantial deviation, and not only did the court fail to adequately explain that deviation, the reasons the court gave and the way the court presented its reasons were not the sort of things that the court should be relying on. That the immigration system is out of control, comments equating Mr. Martinez Castillo's personal experience with ethnic violence with the judge's viewing of pictures of ethnic violence, the judge's complete discounting of the MDC conditions and the assault that Mr. Martinez experienced because the assault was not based on a staff assaulting him, but a fellow incarcerated person. These explanations weren't the type that the court should have relied on in any circumstance and definitely didn't support the above guideline sentence. What do you say about the plain error argument that was just made? Yes, so I think the error is clear, it is obvious, and these inappropriate comments affect the integrity of the judicial system and the public appearance of the judicial system. That's plain error. These cases are almost always on plain error and this court doesn't hesitate to reverse on plain error when there's not an adequate justification. And just briefly, factually, the government keeps saying that Mr. Martinez Castillo committed a violent, terrifying robbery. He does not have a conviction for robbery. He has a conviction for criminal possession of stolen property. That's not the standard for considering it though. But it is wrong that the government keeps saying he has a conviction for a robbery. I understand, but the standard, I mean you're not saying Judge Kaplan erred in that respect in considering that conduct. I think that Judge Kaplan was wrong to call Martinez Castillo a violent man based on this record when he had no violent convictions, when his past criminal history was very clearly tied to this untreated substance abuse problem. But what about this, what about this, what sounds like a carjacking? So he was convicted. I've mischaracterized it, but that's what it sounds like in the PSR, which was not objected to, has inscriptions, is it not? No, it was not objected to. That was what was written in the complaint. Facts and complaints are often wrong. We don't know anything more than that was in the complaint and then he was convicted. But that wasn't argued at sentencing. It wasn't argued that that complaint allegations were wrong. I mean, I understand your argument about it not being a conviction, but nobody suggested to Judge Kaplan that that wasn't what had occurred. What I'm arguing to the court is that the characterization of Mr. Martinez Castillo as just a generally violent man based on his history was an exaggeration. And in the context of the court's general discounting of all of his significant mitigating circumstances, that is another thing that this court should take seriously. His record did not show that he was coming here just, quote, committing crimes against everyone who lived here, and this court should vacate his sentence. Thank you.